JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01544-FWS-JDEx Date: August 14, 2026
Title: Loreno Portillo v. Midland Credit Management

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER [8]**

On June 16, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (Dkts. 1, 3.) Plaintiff alleged that Defendant, a debt collector, continued collection activity after Plaintiff sent Defendant a cease-and-desist letter. (Dkt. 1 at 2.) Defendant also allegedly failed to conduct a reasonable investigation of the alleged debt. (*Id*. at 3.) Defendant also allegedly failed to participate in good faith in arbitration. (*Id*. at 2.) Plaintiff alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(c), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). (*Id*. at 2-3.) Plaintiff sought damages. (*Id*. at 3.)

On July 7, 2026, the court postponed a ruling on the IFP request and ordered Plaintiff to provide more information in 30 days. First, the court ordered Plaintiff either to file another IFP request that was answered completely and that explained how her monthly expenses were paid or, in the alternative, pay the filing fee. (*Id*.) Second, the court ordered Plaintiff to file an Amended Complaint because she had not stated a claim under the FDCPA or the FCRA. (*Id*.) The court warned Plaintiff that the failure to comply with the order within 30 days would result in the dismissal of this action. (*Id*.)

As of this date, more than 30 days later, Plaintiff has not complied with the order in any respect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01544-FWS-JDEx Date: August 14, 2026
Title: Loreno Portillo v. Midland Credit Management

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the court's order. *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: rrp